# In the United States Court of Federal Claims

No. 09-456 L

(Filed: November 13, 2012)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| STACY SINGLETON, et al., | \* |
| For Themselves and as Representatives of a | \* |
| Class of Similarly Situated Persons, | \* |
| | \* |
| | \* |
| Plaintiffs, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Thomas S. Stewart*, *Elizabeth G. McCulley*, *Steven M. Wald*, *J. Robert Sears*, Baker Sterchi Cowden & Rice, L.L.C., Kansas City, Missouri, for Plaintiffs.

*Kristine S. Tardiff*, United States Department of Justice, Environment and Natural Resources Division, Natural Resources Section, Concord, New Hampshire, for Defendant.

Order Approving Settlement

**DAMICH, Judge:**

Pursuant to the court's order of September 14, 2012, in this "rails-to-trails" class action, in which the court gave preliminary approval to the proposed settlement reached by counsel to for the parties, Plaintiffs' class counsel distributed the court-approved Notice of Settlement to Class Members on September 17, 2012. The Notice set October 26, 2012, as the date of a Fairness Hearing, pursuant to Rule 23(e) of the Rules of the Court of Federal Claims ("RCFC"), to determine whether the proposed settlement is "fair, reasonable, and adequate." The Fairness Hearing was held as scheduled in Kansas City, Missouri, on October 26. There are 79 members in the class. As of October 15, 2012, class counsel had received 69 class member consent forms. No class members requested to speak at the hearing, nor has any class member signified any objection to the proposed settlement.

In the proposed settlement, the United States agrees to pay the Plaintiffs the sum of $455,633.26, representing the aggregate fair market value of the property interest alleged taken as of January 15, 2008. The fair market value for each individual claimant is specified in Exhibit

A to the Stipulation of Settlement and Stipulation to Dismissal with Prejudice filed with the court on August 31, 2012. In addition, the United States agrees to pay the Plaintiffs a sum not to exceed $68,519.71, representing pre-judgment interest. Last, the United States agrees to pay the Plaintiffs a sum not to exceed $380,000 representing Plaintiffs' attorneys' fees and costs in this action.

This settlement shall constitute a full, complete, and final resolution of any and all of Plaintiffs' remaining claims against the United States, legal and equitable. Accordingly, the parties have stipulated to a voluntary dismissal of this action, with prejudice.

Legal Standards

As a general proposition, settlement of legal disputes is favored, especially in class actions, as it relieves the parties of the expense of formal litigation. *Sabo v. United States*, 102 Fed. Cl. 619, 626 (2011). Furthermore, settlement proposals "enjoy a presumption of fairness afforded by a court's preliminary fairness determination." *Berkley v. United States*, 59 Fed. Cl. 675, 681 (2004).

Although there is no definitive list of factors by which to determine whether a proposed settlement is fair, reasonable, and adequate in order to approve it as final, there are certain factors generally considered. *Sabo*, 102 Fed. Cl. at 626-27. These are: 1) the relative strengths of the plaintiff's case compared to the proposed settlement; 2) the recommendation of counsel for the class, taking into account the adequacy of counsel's representation; 3) the reaction of class members to the proposed settlement, taking into account the adequacy of notice to the class members of the settlement terms; 4) the fairness of the settlement to the entire class; 5) the fairness of the provision for attorney fees; and 6) the ability of the defendant to withstand a greater judgment, taking into account whether the defendant is a government or private entity. *Id*. at 627.

Discussion

There is little in the record regarding the first factor. Subsequent to the court's grant of class certification early in the case, the parties proceeded directly to finalizing the class members on an opt-in basis, discovery and parcel appraisals, and settlement negotiations. The court has not had occasion yet to rule on liability. The next two factors, however, weigh strongly in favor of approving the proposed settlement. Class counsel has a record of experience in these types of claims and has worked efficiently in representing the interests of class members. It is notable that no class member has signified any objection the settlement terms. The class, moreover, is comprised of members who affirmatively opted-in and 69 of the 79 members returned consent forms, further suggestive of the fairness of the settlement to the entire class. The amount to be awarded to each class member was determined according to individualized appraisals of the value of that class member's property right at issue. The attorney's fees, comprising approximately 42% of the total settlement amount, appear to be on the high end of reasonableness, but the court is influenced in weighing this factor by the agreement of Defendant to this amount. The court notes the parties' representation that the attorney fees were determined after the calculation of each class member's proposed award and have been added on to the

judgment amount, rather than being subtracted from those awards.  The last factor is generally nugatory when the Defendant is the Government of the United States.  It can always withstand greater judgment against it.  *Id*. at 630.

  Based on its analysis of the relevant factors, the court finds that the proposed settlement is fair, reasonable, and adequate.

Conclusion

  Accordingly, the court hereby grants final approval of the proposed settlement, directs the parties to proceed with the disbursement of payments as agreed in their Stipulation of Settlement, and orders Plaintiffs to file a notice of compliance once all steps have been completed regarding such disbursements.  At such time, the court will enter an order dismissing the case with prejudice.

            s/ Edward J. Damich
           EDWARD J. DAMICH
           Judge